**Shao Lan ZHANG, Petitioner,**

v.

**BIA, Respondent.**

**No. 04–0110.**

United States Court of Appeals, Second Circuit.

April 19, 2005.

Shao Lan Zhang, for Petitioner, pro se.

John Crabb, Jr., Assistant United States Attorney (Madelyn E. Johnson, Assistant United States Attorney, Kenneth L. Wainstein, United States Attorney for the District of the District of Columbia), United States Attorney's Office for the District of the District of Columbia, Washington, DC, for Respondent, of counsel.

Present: CALABRESI, CABRANES Circuit Judges, and HALL,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is is **GRANTED;** the decision of the Board of Immigration Appeals is **VACATED;** and the case is **REMANDED.**

Petitioner Shao Lan Zhang, *pro se,* a native and citizen of the People's Republic of China ("China"), petitions this Court for review of a December 17, 2003 order of the Board of Immigration Appeals ("BIA") affirming a December 13, 2002 oral decision by an immigration judge ("IJ") that denied petitioner's application for asylum, for withholding of removal, and for relief under the United Nations Convention

---

* The Honorable Janet C. Hall, United States District Judge for the District of Connecticut, sitting by designation.

Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16.

Petitioner's principal claim before the IJ was that she practiced Falun Gong in China in order to relieve an intestinal condition, that Chinese authorities are seeking her arrest, and that she will suffer persecution and torture upon return to China because she had been known to practice Falun Gong and because she left China unlawfully. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

"[W]hile we have said that … we will reverse [the BIA] only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden, it is also true that we will vacate BIA conclusions … insofar as the BIA either has not applied the law correctly, or has not supported its findings with record evidence." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d Cir.2003) (emphasis and internal quotation marks omitted). We have also previously stated that, "to turn down a refugee candidate for want of sufficient corroboration, the adjudicator must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner." *Id.* at 153 (citing *Diallo v. INS*, 232 F.3d 279, 285–90 (2d Cir.2000)).

We vacate the BIA's determination and remand this case to the BIA for a combination of three reasons. First, the IJ stated that petitioner's claim lacked "supporting documentation," IJ Oral Op. at 15, but neither specified the missing documentation nor found that such documentation is reasonably available to petitioner. Second, while the IJ found "the details of [petitioner's] practice of Falun Gong … contrary to the background materials," IJ Oral Op. at 15, we are not certain what "materials" the IJ was referencing. Finally, with respect to relief under the CAT, the IJ rejected petitioner's argument that she "would be tortured upon returning to China because she left without permission," IJ Oral Op. at 18, but did not address the argument that petitioner would be tortured because she had been a known Falun Gong practitioner.

We instruct the BIA, on remand, to further remand to the IJ for the following determinations:

(1) Has the IJ made a finding that petitioner "ha[d], or with reasonable effort could gain, access to relevant corroborating evidence," and that she failed to produce such evidence? *Zhang v. INS*, 386 F.3d 66, 71 (2d Cir.2004). If so, on what specific grounds did the IJ base this finding?

(2) The IJ made a finding that petitioner's account of her Falun Gong practice "is contrary to the background materials before the Court." Oral Op. at 15. On what specific "background materials" does this finding rely? In responding to this inquiry, the BIA should be mindful that we have previously cautioned immigration courts against placing "excessive reliance" on published reports, particularly when such reliance undermines the courts' obligation "to consider also any contrary or countervailing evidence with which [they are] presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence." *Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004).

(3) Has the IJ made a finding that petitioner is not eligible for relief under the CAT on the ground that she is allegedly a member of Falun Gong (as opposed to on the ground that petitioner "left [China] without permission," Oral Op, at 18)? If so, on what specific grounds did the IJ base this finding?

Subject to compliance with the ordinary requirements of the Executive Office of Immigration Review, the IJ should also consider additional evidence pertinent to these or other issues that the parties may seek to introduce on remand.

For the foregoing reasons, the petition for review is **GRANTED**; the decision of the Board of Immigration Appeals is **VACATED**; and the case is **REMANDED** to the BIA for proceedings consistent with this order.